*Supp.35 Opinion
THE COURT.*
The People appeal from the dismissal of a misdemeanor complaint that charges a violation of Labor Code section 1174.[1] The trial court found that the charging statutory provisions on their face, are unconstitutional. We agree.
Steven Kramer, an employee of the Division of Industrial Welfare, State of California, told respondent, Jess Hutchings, that he wanted to examine his records relating to the employee payroll. Respondent agreed and on three separate occasions between March 13, 1975, and July 18, 1975, Kramer reviewed the records. At the last meeting Mr. Kramer asked to remain in respondent’s home beyond the scheduled meeting time to continue the record review. Respondent refused because he had scheduled other business and did not want Mr. Kramer to remain in his home alone. On July 28, 1975, the Division of Industrial Welfare issued a subpoena requiring production of the records. Respondent refused to comply with the subpoena and this misdemeanor accusation followed.
*Supp.36 Labor Code section 1174, subdivision (b), authorizes an unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution. In See v. City of Seattle (1967) 387 U.S. 541 [18 L.Ed.2d 943, 87 S.Ct. 1737], the Supreme Court held that the Fourth Amendment bars prosecution of a person who has refused to permit a warrantless inspection of his business premises to check compliance with a city fire code. The court acknowledged that a demand to inspect premises or records may be issued “in the form of an administrative subpoena, [but] it may not be made and enforced by the inspector in the field, and the subpoenaed party may obtain judicial review of the reasonableness of the demand prior to suffering penalties for refusing to comply.” (At pp. 544-545 [18 L.Ed.2d at p. 947].)
In California, the judicial review needed to enforce the subpoena must be obtained by the state agency by petition to the superior court (Gov. Code, §§ 11187, 11188; Brovelli v. Superior Court (1961) 56 Cal.2d 524 [15 Cal.Rptr. 630, 364 P.2d 462]; Fielder v. Berkeley Properties Co. (1972) 23 Cal.App.3d 30 [99 Cal.Rptr. 791]). A warrantless search is permitted in those instances where prompt inspections in emergency situations are required so that the governmental purpose will not be frustrated (Camara v. Municipal Court (1967) 387 U.S. 523 [18 L.Ed.2d 930, 87 S.Ct. 1727]; People v. Hyde (1974) 12 Cal.3d 158, 168 [115 Cal.Rptr. 358, 524 P.2d 830]) or where it is necessary to regulate businesses that are likely to give rise to public danger or well known evils (People v. Lisner (1967) 249 Cal.App.2d 637 [57 Cal.Rptr. 674]; People v. Grey (1972) 23 Cal.App.3d 456 [100 Cal.Rptr. 245]; People v. Conway (1974) 42 Cal.App.3d 875, 891 [117 Cal.Rptr. 251]).
The statute here is not so restricted. It applies to “Every person employing labor in this state.” We therefore find Labor Code section 1174, subdivision (b) and section 1175, subdivision (b) are unconstitutional on their face, and as applied to this defendant.
Affirmed.

 Before Conyers, P. J., Focht, J., and Welsh, J.

 Labor Code sections 1174 and 1175 provide:

Section 1174:

“Every person employing labor in this state shall:
“(a) Furnish to the commission, at its request, reports or information which the commission requires to carry out this chapter. Such reports and information shall be verified if required by the commission or any member thereof.
“(b) Allow any member of the commission or the employees of the Division of Industrial Welfare free access to the place of business or employment of such person to secure any information or make any investigation which they are authorized by this chapter to ascertain or make. The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of such person.
“(c) Keep a record showing the names and addresses of all employees employed and the ages of all minors.
“(a) Keep at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by, and the wages paid, to employees employed at the respective plants or establishments, and which shall be kept in accordance with rules established for this purpose by the commission. All such records shall be kept on file for at least one year.” Section 1175:
“Any person, or officer or agent thereof, is guilty of a misdemeanor who:
“(a) Neglects or refuses to furnish the information requested under the provisions of Section 1174.
“(b) Refuses access to his place of business or employment to any member of the commission or employee of the Division of Industrial Welfare when administering or enforcing this chapter.
“(c) Hinders such member, or employee in securing information authorized by Section 1174.
“(d) Fails to keep any of the records required by Section 1174.”